

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00104-CR

---

WANDA FAYE ROUGEAU, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. B21487-2007, Honorable Danah L. Zirpoli, Presiding

---

April 18, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

By three issues, appellant Wanda Faye Rougeau challenges her conviction for aggravated assault with a deadly weapon. The charge stemmed from her slashing a female (JM) in the thigh with a box cutter. At the time, JM sat within the truck of appellant's ex-boyfriend. The severity of the wound precluded local medical personnel from attending to it. So, medical personnel transported JM from Plainview to Lubbock for

treatment.  Photographs of the gash depict its depth, length, and extent.[1]  An officer described it as an "8-inch cut" permitting one to "see her muscle, her tendons, or her fat, down to the bottom, almost to her bone."  Two of the three issues concern the sufficiency of the evidence underlying guilt and the finding about the box cutter being a deadly weapon.  The third issue involves a misstatement in the judgment.  We modify the judgment and affirm it as modified.

---

[1] One such photo is Exhibit 8, which we add to this opinion:



### *Issues One and Two: Sufficiency of the Evidence*

Appellant initially contends that the State failed to prove she (1) attacked JM and (2) used a deadly weapon.  We overrule those issues.

The opinion in *Zuniga v. State*, 551 S.W.3d 729 (Tex. Crim. App. 2018), describes the pertinent standard of review.  We apply it here.

Next, statute provides that one commits aggravated assault by committing assault which "causes serious bodily injury to another" or "uses or exhibits a deadly weapon during the commission of the assault."  TEX. PENAL CODE ANN. § 22.02(a)(1)–(2).[2] Anything capable of causing death or serious bodily injury, given the manner of its use, constitutes a deadly weapon.  *Id.* § 1.07(a)(17)(B).  Furthermore, the legislature defined "serious bodily injury" as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  *Id.* § 1.07(a)(46).

Here, JM testified that appellant slashed her with the box cutter.  A jury is free to accept that testimony alone as identifying appellant as an assailant committing assault, i.e., intentionally causing bodily injury.  *Coronado v. State,* No. 07-20-00075-CR, 2021 Tex. App. LEXIS 233, at *3 (Tex. App.—Amarillo Jan. 12, 2021, no pet.) (mem. op., not designated for publication) (stating that the victim's testimony alone, if believed, may be enough to satisfy the elements underlying both simple and aggravated assault.); *Padilla v. State*, 254 S.W.3d 585, 590 (Tex. App.—Eastland 2008, pet. ref'd) (the same).  That other evidence contradicts JM's version of events matters not; the jury serves as the body free to assess witness credibility, weigh the evidence, and resolve conflicts within it.  *See*

---

[2] One commits assault by intentionally, knowingly, or recklessly causing bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1).

3

*Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We do not sit as a part of that body and lack the authority to substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

As for the suggestion that the State failed to prove appellant used a deadly weapon, a picture paints a thousand words. One need only look at the wound depicted in Exhibit 8, a copy of which we attached in footnote one. To that we add the words of one officer describing the injury as an "8-inch cut" allowing one to "see [JM's] muscle, her tendons, or her fat, down to the bottom, almost to her bone." Though buzzwords like "it was a deadly weapon" are often helpful, they need not be spoken. Testimony as well as pictures may illustrate the deadly nature of the instrument without their use. They do so here. Nor was it necessary to admit into evidence the actual box cutter. *Banargent v. State*, 228 S.W.3d 393, 399 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (stating that the deadly weapon need not be introduced into evidence). Exhibit 8 and the officer's words adequately substitute for it. And, together, they illustrate that the box cutter was capable of causing death or serious bodily injury given the manner of its use.

The foregoing evidence provides a jury ample evidence upon which to conclude, beyond reasonable doubt, not only that appellant assaulted JM but also used and exhibited a deadly while doing so. Thus, the jury's verdict has legally sufficient evidentiary support.

### *Issue Three: Typographical Error*

Finally, appellant argues that she pled "not guilty" to the charged offense. The record reflects that to be true. Nevertheless, the trial court stated within its judgment that she pled guilty. We have the power to correct the mistake, TEX. R. APP. P. 43.2(b); *Bigley*

4

*v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc), and modify the judgment appropriately.

 The judgment is modified to reflect that appellant pled "not guilty" to the charge. It being so modified, we affirm it.

       Brian Quinn
       Chief Justice

Do not publish.